FILED
United States Court of Appeals
Tenth Circuit

July 16, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

RALPH GAMBINA,

      Plaintiff - Appellant,

v.

FEDERAL BUREAU OF PRISONS,
sued in its official capacity,

      Defendant - Appellee.

No. 13-1106
(D.C. No. 10-CV-02376-MSK-KLM)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **HOLMES**, and **MATHESON**, Circuit Judges.[**]

---

Plaintiff-Appellant Ralph Gambina, proceeding pro se, appeals from the

district court's grant of summary judgment in favor of Defendant-Appellee, the

Federal Bureau of Prisons (BOP). The parties are familiar with the facts and we

need not restate them here other than to say that Mr. Gambina has been in the

custody of the BOP since 1989. Although he was acquitted of escape in 1992 by

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

a jury, he did not fare as well in prison disciplinary proceedings for attempted escape and was sentenced to 60 months in the Control Unit of the facility where he was housed. He was then transferred to the BOP's Administrative Maximum facility (ADX) to complete the 60-month sentence. He continued to be housed at ADX, and in July 2003, he was released to the general population. He is serving a life sentence.

On appeal, Mr. Gambina argues there are genuine disputes of material fact regarding whether his confinement at ADX: (1) violates his Fifth Amendment right to procedural due process; and (2) constitutes cruel and unusual punishment in violation of the Eighth Amendment. We consider those issues in turn and affirm.

A.   Fifth Amendment Claim

We review a district court's entry of summary judgment de novo, viewing the facts in the light most favorable to the nonmoving party. Rezaq v. Nalley, 677 F.3d 1001, 1010 (10th Cir. 2012). Further, "identification of the liberty interests that are protected by the Due Process Clause is a question of federal constitutional law that we review de novo." Estate of DiMarco v. Wyo. Dep't of Corr., Div. of Prisons, 473 F.3d 1334, 1339 n.3 (10th Cir. 2007) (quotation omitted).

Viewing the facts in the light most favorable to Mr. Gambina, the district court held that he had not "come forward with sufficient evidence to establish that

he was deprived a protected liberty interest." Gambina v. Fed. Bureau of Prisons, No. 10-cv-02376-MSK-KLM, 2013 WL 791428, at \*5 (D. Colo. Mar. 4, 2013). In reaching its decision, the district court considered the facts of Mr. Gambina's case against the backdrop of the four, non-dispositive factors outlined in DiMarco, see 473 F.3d at 1342 (applying Wilkinson v. Austin, 545 U.S. 209 (2005)),[1] as well as this court's recent decision in Rezaq, see 677 F.3d at 1010–16 (holding that inmates' confinement at ADX did not implicate a liberty interest). We agree with the district court for substantially the same reasons.

We are cognizant of Mr. Gambina's argument that his case is "truly unique" because he has been "forced to endure [and] suffer 21-years in [] solitary isolation." Aplt. Br. 1 (capitalizations, quotations, and emphases omitted). However, he has not provided evidence suggesting that the length or conditions of his confinement are *in fact* atypical, particularly given the relevant factors and our prior decisions. Although we view the evidence in the light most favorable to the nonmoving party, that party "must present affirmative evidence . . . . from which a jury might return a verdict in his favor" in order to overcome a properly supported motion for summary judgment. Anderson v. Liberty Lobby, Inc., 477

---

[1] These include whether the placement (1) serves a legitimate penological interest, (2) has extreme conditions present, (3) increases the duration of confinement, and (4) is of indeterminate length. Estate of DiMarco v. Wyo. Dep't of Corr., Div. of Prisons, 473 F.3d 1334, 1342 (10th Cir. 2007)

U.S. 242, 257 (1986).[2]

B.    Eighth Amendment Claim

We also agree with the district court's grant of summary judgment in favor

of the BOP on Mr. Gambina's Eighth Amendment claim for substantially the

same reasons articulated.  Mr. Gambina has failed to raise a genuine issue of

material fact as to whether the conditions or duration of his confinement pose a

substantial risk of serious harm.  Further, we reject Mr. Gambina's claim that his

confinement amounts to a grossly disproportionate punishment.

The BOP has several, reasonable justifications for housing Mr. Gambina at

ADX including: Mr. Gambina's criminal history, his escape attempts, and his

numerous prison infractions.  See, e.g., I R. 81–82; II R. 172, 203, 209.

Moreover, at least some of the BOP's stated reasons for housing Mr. Gambina at

ADX are decidedly non-punitive.  See I R. 81 ("[Mr. Gambina's] conduct within

correctional institutions creates a risk to . . . the safety of staff, inmates, others,

and/or public safety."); id. ("As a result of the inmate's status either before or

after incarceration, he may not be safely housed in the general population of a

_____

[2] Mr. Gambina sought to discover "information about current or former inmates who have been confined at the ADX for more than a decade, along with information about their criminal history and the basis for their assignment."  I R. 459.  However, the magistrate judge concluded the information lacked relevance and would place an undue burden on the BOP.  See IV R. 16–17; see also Gambina, 2013 WL 791428, at *6–7 (overruling Mr. Gambina's Rule 72 objections).  Because Mr. Gambina does not challenge the discovery ruling in this appeal, we do not consider the issue.  See United States v. Benoit, 713 F.3d 1, 12 n.2 (10th Cir. 2013) (argument not raised in opening brief is waived).

regular correctional institution.").  As the Supreme Court has emphasized, "federal courts ought to afford appropriate deference and flexibility to [prison] officials trying to manage a volatile environment."  Sandin v. Conner, 515 U.S. 472, 482 (1995).  Therefore, based on the record before us, we hold that Mr. Gambina has failed to raise a genuine issue of material fact as to whether his confinement constitutes a grossly disproportionate punishment in violation of the Eighth Amendment.

AFFIRMED.  We GRANT Mr. Gambina's request to proceed in forma pauperis but remind him that he is obligated to continue making partial payments until the filing fee is paid in full.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge